THE STATE OF OHIO, APPELLEE, *v.* STUMPF, APPELLANT.

[Cite as State *v.* Stumpf (1987), 32 Ohio St. 3d 95.]

(No. 86-1118 — Decided August 19, 1987.)

*C. Keith Plummer,* prosecuting attorney, and *James R. Scott,* for appellee.

*Lewis M. Tingle* and *Craig Stephens,* for appellant.

HERBERT R. BROWN, J. As with every case in which the death penalty has been imposed, the instant appeal presents us with a three-step task, pursuant to R.C. 2929.05. First, we must consider the specific issues raised by appellant in his propositions of law. Second, we must independently weigh the aggravating circumstance of which appellant was found guilty beyond a reasonable doubt against the mitigating factors. Finally, we must independently decide whether the death sentence is appropriate in this case, and whether it is proportionate to the penalty imposed in similar cases. For the reasons set forth below, we affirm the judgment of the court of appeals and uphold the sentence of death.

I

A

Appellant's first proposition of law contends that the three-judge panel failed to adequately comply with R.C. 2929.03(F), which provides in part:

"The court or the panel of three judges, when it imposes sentence of death, shall state in a separate opinion its specific findings as to the existence of any of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, the existence of any other mitigating factors, the aggravating circumstances the offender was found guilty of committing, *and the reasons why the aggravating circumstances the offender was found guilty of committing were sufficient to outweigh the mitigating factors.* * * *"* (Emphasis added.)

The three-judge panel did list their reasons for finding that the aggravating circumstance sufficiently outweighed the mitigating factors.[1]

---

[1] The three-judge panel found:

"D. REASONS WHY THE AGGRAVATING CIRCUMSTANCES THE

However, appellant claims that such reasons fail to "bear a direct relation" to the specific aggravating circumstance of which he was found guilty, to wit: the murder of Mrs. Stout to escape detection, apprehension, trial or punishment for other offenses (attempted aggravated murder and aggravated robbery).

The three-judge panel, in stating its reasons, relies heavily upon the nature and circumstances of appellant's offense. Appellant's argument thus assumes that the nature and circumstances of his offense cannot be cited as reasons for, and bear no relation to, the finding that the aggravating circumstance sufficiently outweighs the mitigating factors.

This assumption is erroneous. R.C. 2929.04(B) *requires* the jury, trial court, or three-judge panel to *"consider,* and weigh against the aggravating circumstances proved

beyond a reasonable doubt, *the nature and circumstances of the offense\* \* \*."* (Emphasis added.) In a particular case, the nature and circumstances of the offense may have a mitigating impact, or they may not. See *State* v. *Steffen* (1987), 31 Ohio St. 3d 111, 117, 31 OBR 273, 278, 509 N.E. 2d 383, 390. Either way, they must be considered.

Reading R.C. 2929.03(F) and 2929.04(B) *in pari materia,* it would be illogical to require a three-judge panel to consider the nature and circumstances of the offense in making its decisions whether the aggravating circumstances were sufficient to outweigh the mitigating factors, yet to forbid that panel from relying upon and citing such nature and circumstances as reasons for its decision.

We therefore hold that under R.C. 2929.03(F), a trial court or three-judge panel may rely upon and cite the nature and circumstances of the of-

---

OFFENDER WAS FOUND GUILTY OF COMMITTING WERE SUFFICIENT TO OUTWEIGH THE MITIGATING FACTORS:

"1. The Court finds beyond a reasonable doubt that the Defendant was the principal offender in count one of the indictment.

"2. The methodical manner in which the Defendant and his companion entered the house of the victims and assumed control of the victims. Examples:

"a. Wiping of fingerprints from the telephone.

"b. The dialogue of the Defendant with his companion. \* \* \*

"c. The initiative taken by the Defendant in the course of that dialogue leading up to and directing the victims into the bedroom.

"d. Continual holding [of] both victims at gunpoint by the Defendant.

"e. The Defendant shooting the male victim at close range between the eyes.

"f. The Defendant firing a second shot into the head of the male victim.

"g. The Defendant and his companion

engaging in dialogue in the proximity of the male victim followed by four shots, the bullets of which were found in the head and body of Mary Jane Stout.

"3. Failure of the Defendant and his companion to render assistance to the victims.

"4. Defendant and his companion fleeing immediately from the scene with the victims' automobile and personal property including firearms and ammunition.

"5. The Defendant actively participated in the sale of guns stolen from the home of the victims.

"6. The Course of conduct of the Defendant both before and after the commission of the offense in the travel through the country with a quantity of beer and guns.

"7. The Defendant's companion firing a gun into a passing vehicle in [sic] route.

"8. The Defendant made no effort to disassociate himself from his companions.

"9. The direct evidence of a gang operation of robbery, assault and other crimes."

fense as reasons supporting its finding that the aggravating circumstances were sufficient to outweigh the mitigating factors.

### B

In his second proposition of law, appellant maintains that the three-judge panel erred by failing to "consider, and weigh against the aggravating circumstances proved beyond a reasonable doubt, * * * the history, character, and background of the offender * * *," as required by R.C. 2929.04(B).

Appellant introduced exhibits and called witnesses to demonstrate that his history, character and background included certain alleged mitigating factors. The witnesses were cross-examined only briefly or not at all. While some of the exhibits and testimony were unreliable, several witnesses established, among other things, that appellant was a follower and not a leader, that he was generally a hard worker, that he had never had behavioral problems, that he had no significant criminal record, that he had a strong family background, and that he was emotionally stable. The panel recited the alleged mitigating factors on which appellant offered evidence, but found that, with the exception of age at the time of the offense (twenty-three) and his lack of a significant criminal background, appellant had not established any mitigating factors by a preponderance of the evidence.[2]

Appellant claims that the three-judge panel erred in finding that the other factors had not been proven — thus implicitly not weighing them against the aggravating circumstance. Appellant maintains that R.C. 2929.04(B) requires the panel to both consider *and weigh* his history, character, and background as mitigation; therefore, the panel erred when it failed to weigh the factors which it found had not been established by a preponderance of the evidence.

---

[2] The panel's opinion states:

"A. EXISTENCE OF ANY MITIGATING FACTORS SET FORTH IN DIVISION B OF SECTION 2929.04.

"The Court has considered in accordance with Revised Code of Ohio, Section 2929.04 the following mitigating factors:

"1. The nature and circumstances of the offense.

"2. The history, character and background of the offender. * * *

"We find that the Defendant has established by a preponderance of the evidence the following mitigating factors:

"1. The youth of the offender — age 23.

"2. That although the Defendant had been found guilty of certain offenses in his home community, the Defendant lacked significant history of prior criminal conviction and delinquency adjudications.

"We further find that the Defendant has not established by a preponderance of the evidence Mitigating Factors 1, 2, 3 and 6 as set forth in 2929.04 B.

"B. EXISTENCE OF ANY OTHER MITIGATING FACTORS.

"The Defendant presented the following factors *which the Court has considered*:

"1. Evidence of character.

"2. Use of alcohol and drugs.

"3. Employment history.

"4. Emotional stability.

"5. Family relationships.

"6. Educational background and native intelligence. * * *

"7. Unverified and unattested questionnaires on John David Stumpf. * * * The alleged preparer's name appears in response to Question No. 30 with no indication it is or is intended as a signature. The questionnaries [sic] were prepared by person or persons unknown.

"8. Summary results of questionnaires. * * *

"9. Leadership qualities.

"Factors 1 through 9 were not established *as mitigating factors* by a preponderance of the evidence." (Emphasis added.)

A careful reading of the panel's opinion demonstrates that it found only that such factors were not established *as mitigating factors* by a preponderance of the evidence. As we recently held in *Steffen, supra,* at paragraph two of the syllabus:

"While R.C. 2929.04(B)(7) evinces the legislature's intent that a defendant in a capital case be given wide latitude to introduce any evidence the defendant considers to be mitigating, this does not mean that the court is necessarily required to accept as mitigating everything offered by the defendant and admitted. The fact that an item of evidence is admissible under R.C. 2929.04(B)(7) does not automatically mean that it must be given any weight."

This reasoning applies with equal force to evidence of the history, character and background of an offender. As with the nature and circumstances of the offense, evidence of a particular offender's history, character and background may be mitigating, or it may not be. R.C. 2929.04(B) requires a trial court or three-judge panel to *consider* such evidence (as did the panel in the cause *sub judice*), but it does not require that court or panel to find that such evidence establishes a mitigating factor or factors. As we explained in *Steffen,* "[e]vidence which is not mitigating is not entitled to any weight as a mitigating factor in determining whether such factors outweigh the aggravating circumstances." *Id.* at 129, 31 OBR at 289, 509 N.E. 2d at 399. Therefore, we hold that under R.C. 2929.04(B), evidence of an offender's history, background and character which the jury, trial court, or panel of three judges considered, but did not find to be mitigating, need be given little or no weight against the aggravating circumstances.

## C

In his third proposition of law, appellant claims that his death sentence is disproportionate to the penalties imposed in similar cases. R.C. 2929.05(A) mandates a proportionality review by this court in all cases where a sentence of death has been imposed. *State* v. *Jenkins* (1984), 15 Ohio St. 3d 164, 15 OBR 311, 473 N.E. 2d 264, paragraph seven of the syllabus; *Steffen, supra,* at 122-123, 31 OBR at 283-284, 509 N.E. 2d at 394. We therefore discuss this issue in Part III of this opinion, *infra.*

## D

Appellant's fourth proposition of law asserts that the three-judge panel, by imposing a requirement (allegedly only *after* the conclusion of his sentencing hearing) that he prove his mitigating factors by a preponderance of the evidence, denied him due process and equal protection and violated R.C. 2929.03(D)(1). R.C. 2929.03(D)(1) provides, in part:

"The defendant shall have the *burden of going forward with the evidence* of any factors in mitigation of the imposition of the sentence of death. The prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the defendant was found guilty of committing are sufficient to outweigh the factors in mitigation of the imposition of the sentence of death." (Emphasis added.)

In *Jenkins, supra,* we explained that the "burden of going forward" placed upon a defendant by R.C. 2929.03(D)(1) in fact requires him or her to establish the existence of any mitigating factors by a preponderance of the evidence. *Id.* at 171-172, 15 OBR 317-318, 473 N.E. 2d at 275. In *Jenkins,* we relied in part upon the Committee Comment to the former R.C. 2929.03, which provided that

" '[m]itigation must be established by a preponderance of the evidence * * *.' " *Id* at 171, 15 OBR at 317, 473 N.E. 2d at 275.

Appellant appears to make two separate arguments: (1) *Jenkins* was wrongly decided on this point, and (2) even if *Jenkins* was correctly decided, the appellant was still denied due process and equal protection because he was not provided with notice that he would have to bear the burden of proving his mitigating factors by a preponderance of the evidence since *Jenkins* was decided after his sentencing hearing took place.

As to appellant's first argument, we think *Jenkins* sets forth the correct interpretation of R.C. 2929.03(D)(1), and we decline to modify it. R.C. 2929.04(C), which must be read *in pari materia* with R.C. 2929.03(D)(1), provides:

"The *defendant* shall be given great latitude in the presentation of evidence of the factors listed in division (B) of this section and of any other factors in mitigation of the imposition of the sentence of death.

"The *existence* of any of the mitigating factors listed in division (B) of this section does not preclude the imposition of a sentence of death on the offender, but shall be weighed pursuant to divisions (D)(2) and (3) of section 2929.03 of the Revised Code by the trial court, trial jury, or the panel of three judges against the aggravating circumstances the offender was found guilty of committing." (Emphasis added.)

In *Kennedy* v. *Walcutt* (1928), 118 Ohio St. 442, 455, 161 N.E. 336, 340, this court explained that "[t]he burden of proof imposed by law upon one who must prove the *existence* of a fact or a thing necessary to be proven in the prosecution or the defense of a lawsuit means the *obligation to show it by proof.*" (Emphasis added.) Further, as one leading commentator has summarized: "The most acceptable meaning to be given to the expression, *proof by a preponderance,* seems to be proof which leads the jury to find that *the existence of the contested fact is more probable than its nonexistence.*" (Emphasis added.) McCormick, Evidence (3 Ed. Cleary Ed. 1984) 957, Section 339. Finally, as this court emphasized in *Travelers' Ins. Co.* v. *Gath* (1928), 118 Ohio St. 257, 261, 160 N.E. 710, 711, "a preponderance of evidence means the greater weight of evidence. * * * The greater weight may be infinitesimal, and it is only necessary that it be sufficient to destroy the equilibrium."

Thus, reading R.C. 2929.03(D)(1) together with R.C. 2929.04(C) demonstrates that it is incumbent upon a defendant to show the *existence* of mitigating factors; hence, as *Jenkins* holds, the defendant bears the burden of establishing such factors by a preponderance of the evidence. Of course, the burden of proving beyond a reasonable doubt that the aggravating circumstance(s) outweighs the mitigating factor(s) is on the state and never shifts.

As to appellant's second argument, we cannot agree that at the time of his sentencing hearing, he had no notice that he would bear the burden of proving his mitigating factors. *Jenkins* did not make new law on this issue. Rather, *Jenkins* sets forth the logical reading of R.C. 2929.03(D)(1). The notice, which appellant claims was lacking, was contained in that statute, the Committee Comment, R.C. 2929.04(C), and prior case law.

E

Appellant's fifth proposition of law maintains that the three-judge panel failed to engage in a meaningful weighing of the mitigating factors against the aggravating circumstance,

pursuant to R.C. 2929.03(F). Appellant claims that the panel's opinion is insufficient to comply with the statutory requirements, and thus tends to "trivialize the duty of the [panel] * * * to articulate its reasoning * * *." *State* v. *Maurer* (1984), 15 Ohio St. 3d 239, 247, 15 OBR 379, 386, 473 N.E. 2d 768, 778.

We have already rejected much of appellant's argument. The panel's opinion clearly and concisely sets forth its findings as to: (1) the existence of any of the mitigating factors listed in R.C. 2929.04(B), (2) the existence of any other mitigating factors, (3) the aggravating circumstance appellant was found guilty of committing, and (4) the panel's reasons why the aggravating circumstance sufficiently outweighs the mitigating factors. We believe the three-judge panel thereby discharged its duties under R.C. 2929.03(F).

### F

In his sixth proposition of law, appellant claims that the aggravating circumstance does not outweigh the mitigating factors. R.C. 2929.05(A) indeed requires us to undertake an independent review of this question, which we set forth in Part II of this opinion, *infra.*

### G

Appellant's seventh proposition of law contends that his death sentence and the statutes authorizing it are unconstitutional because the death penalty is not the least restrictive means by which the state of Ohio can achieve a compelling governmental interest. This court rejected the argument in *Jenkins, supra,* at 168, 15 OBR at 314, 473 N.E. 2d at 272, and we reaffirm *Jenkins* for the reasons set forth therein.

### H

Appellant's eighth proposition of law maintains that the Ohio death penalty statutes, as applied to him, violate the constitutional prohibition against cruel and unusual punishment. In *Jenkins, supra,* at 168, 15 OBR at 314, 473 N.E. 2d at 273, we upheld the validity of the death penalty statutes against a similar cruel and unusual punishment attack. See *id.* at paragraph one of the syllabus. See, also, *Gregg* v. *Georgia* (1976), 428 U.S. 153, 187. We reaffirm *Jenkins* for the reasons set forth therein.

### I

In his ninth proposition of law, appellant argues that the aggravating circumstance set forth in R.C. 2929.04(A)(3) is unconstitutionally overbroad and vague, because it could apply to virtually all aggravated murders when some other crime has also been committed. R.C. 2929.04(A)(3) provides:

"(A) Imposition of the death penalty for aggravated murder is precluded, unless one or more of the following is specified in the indictment or count in the indictment pursuant to section 2941.14 of the Revised Code and proved beyond a reasonable doubt:
"* * *

"(3) The offense was committed for the purpose of escaping detection, apprehension, trial, or punishment for another offense committed by the offender."

We disagree with appellant that subsection (3) fails to define and narrow the class of death-eligible offenders. The unambiguous language of that subsection requires that the offense (for example, the murder of a witness to another crime) be committed for the *purpose* of escaping detection, apprehension, trial or punishment for another, separate offense. The statute neither states nor permits an inference that *every* intended killing

which follows another crime allows the death penalty to be imposed.

### J

In his tenth proposition of law, appellant contends that the mitigating factors set forth in R.C. 2929.04(B)(1) through (7) are unconstitutionally vague, with the result that the three-judge panel imposed the death penalty upon him in an arbitrary manner. The seven mitigating factors set forth in R.C. 2929.04(B) are drawn broadly in order to provide latitude to a defendant with respect to the introduction of evidence upon and establishment of mitigating circumstances. See *California* v. *Ramos* (1983), 463 U.S. 992, 998-1001. Indeed, R.C. 2929.04(B)(7) allows a defendant to introduce evidence upon and establish *"[a]ny other factors* that are relevant to the issue of whether the offender should be sentenced to death." (Emphasis added.)

We discern no constitutional infirmity in R.C. 2929.04(B)(1) through (7). These factors are broad enough to enable a defendant to present any favorable evidence relevant to the jury's, trial court's, or three-judge panel's decision whether to impose the death penalty, yet at the same time are sufficiently specific to guide the decision-maker's analysis in weighing the mitigating factors against the aggravating circumstances. See *Proffit* v. *Florida* (1976), 428 U.S. 242, 257-258. The mitigating factors set forth in R.C. 2929.04(B)(1) through (7) prevent an arbitrary or a mechanical imposition of a death sentence.

### K

Appellant asserts in his eleventh proposition of law that the panel erred in denying his motion for leave to set aside his guilty plea or to set aside his sentence and order a new sentencing hearing. Appellant bases this claim upon testimony by a cellmate of Clyde Daniel Wesley. During Wesley's trial, the cellmate testified that Wesley said that he, Wesley, had shot Mrs. Stout. Wesley was not available to testify at appellant's sentencing hearing.

In order to withdraw a guilty plea after sentencing has taken place, a defendant must show that such withdrawal is necessary to correct manifest injustice. Crim. R. 32.1; *State* v. *Smith* (1977), 49 Ohio St. 2d 261, 3 O.O. 3d 402, 361 N.E. 2d 1324, paragraph one of the syllabus; *State* v. *Caraballo* (1985), 17 Ohio St. 3d 66, 67, 17 OBR 132, 477 N.E. 2d 627, 628. Further, "[a] motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith, supra,* at paragraph two of the syllabus. See, also, *Caraballo, supra,* at 67, 17 OBR at 133, 477 N.E. 2d at 628.

A plea of guilty is a complete admission of guilt. By entering his guilty plea to the principal charge and to the specification under R.C. 2929.04(A)(3), appellant admitted that *he* murdered Mary Jane Stout for the purpose of avoiding detection, apprehension, trial or punishment for *his* crimes of attempted aggravated murder and aggravated robbery. Appellant makes no claim that his plea was not entered knowingly, intelligently, and voluntarily. The three-judge panel questioned appellant extensively prior to accepting his guilty plea. He indicated that he made an informed and knowledgeable plea, with full realization as to its effect. Based upon appellant's guilty plea and the evidence adduced at his sentencing hearing, we cannot say that the panel abused its discretion or that appellant met his burden of showing that manifest injustice had occurred. Thus, we uphold the panel's decision

not to permit appellant to withdraw his plea.

As to his request to have his sentence set aside and a new sentencing hearing conducted, appellant claims that the three-judge panel's finding that he was the principal offender, in light of the later testimony from Wesley's cellmate, mandates that his motion be granted. Appellant concedes that R.C. 2929.04(A)(3), the aggravated circumstance to which he pleaded guilty, contains no requirement that he have been the principal offender. Nevertheless, appellant maintains that the testimony would have tended to establish a mitigating factor under R.C. 2929.04(B)(6), and therefore a new sentencing hearing is necessary in order to allow the panel to consider it.

Appellant's motion is similar to a motion for new trial based upon newly discovered evidence, under Crim. R. 33(A)(6). In *State* v. *Williams* (1975), 43 Ohio St. 2d 88, 72 O.O. 2d 49, 330 N.E. 2d 891, paragraph two of the syllabus, this court held: "The allowance of a motion for a new trial on the grounds of newly discovered evidence is within the competence and discretion of the trial judge; and in the absence of a clear showing of abuse such decision will not be disturbed." We adopt this standard of review for the motion at issue. With the latitude granted to a defendant in presenting evidence of mitigation, such a standard is necessary. A defendant is not entitled to a new sentencing hearing merely by coming forward with some additional evidence after the initial sentencing hearing.

The panel, upon consideration of appellant's motion, apparently determined that Eastman's testimony added insufficient mitigating weight to affect its balancing of the mitigating factors against the aggravating circumstance. See R.C. 2929.04(C). We find no error in that determination. Eastman's testimony is hearsay and, in the face of the evidence adduced at appellant's sentencing hearing, of minimal weight. As such, it is too attenuated to warrant a vacation of appellant's sentence and a new sentencing hearing. We therefore find that the panel did not abuse its discretion in denying appellant's motion.

### L

In appellant's twelfth proposition of law, he maintains that it was error for only two judges to consider his post-sentence motions, inasmuch as R.C. 2945.06 requires a three-judge panel. Three-judge review was precluded here by the death of one of the judges.

R.C. 2945.06 expressly provides that "[t]he judges *or a majority of them* may decide all questions of fact and law arising upon the trial * * *." (Emphasis added.) Unanimity is mandated only when the panel finds a defendant guilty or not guilty. Whether appellant was entitled to withdraw his guilty plea or to a new sentencing hearing were questions of law, properly determined by a majority of the panel.

### II

Having considered the issues raised in appellant's propositions of law, we turn to an independent weighing, as required by statute, of the aggravating circumstance and mitigating factors.

The aggravating circumstance which appellant was found guilty of committing beyond a reasonable doubt is that he murdered Mary Jane Stout for the purpose of escaping detection, apprehension, trial, or punishment for the other offenses of aggravated robbery and attempted aggravated murder. R.C. 2929.04(A)(3).

Against this aggravating circumstance we weigh all mitigating fac-

tors drawn from: (1) the nature and circumstances of the offense, (2) the history, background and character of appellant, and (3) any of the factors listed in R.C. 2929.04(B)(1) through (7) which exist in this case.

We find the nature and circumstances of Mrs. Stout's murder to be particularly heinous, as evidenced by: (1) the fact that appellant shot and severely injured Mr. Stout and then, to escape detection, apprehension, trial or punishment, brutally murdered Mrs. Stout; (2) the fact that Mrs. Stout was shot three times in the face after appellant and his co-defendant discussed her fate; and (3) the fact that this senseless slaying of an innocent and unsuspecting citizen occurred after the invasion of her home, which she and her husband voluntarily permitted as an accommodation to passing strangers. We find that the nature and circumstances of this offense are entitled to no weight as mitigation.

At his sentencing hearing, appellant presented a substantial amount of evidence pertaining to his history, background and character. Specifically, appellant presented evidence of the following allegedly mitigating factors: (1) his history of fairly regular employment, (2) his good emotional stability, (3) his strong family background, (4) his average intelligence, (5) his lack of alcohol or drug abuse, and (6) his susceptibility to being directed or dominated by others. In our independent review, we find that all six of these factors are entitled to *some* mitigating weight.

To the aggregate weight of these mitigating factors, we add the weight of the factors set forth in R.C. 2929.04(B)(1) through (7) which are present in this case. We find that factors (1), (2), (3) and (6) are not present and thus are not entitled to any weight. In determining factor (6) not to be present, we find that the testimony of a cellmate during Clyde Wesley's trial is of minimal credibility, especially in light of appellant's guilty plea and the substantial evidence to the contrary adduced during appellant's sentencing hearing.

We find that factors (4) and (5) are present in this case. Appellant was twenty-three at the time of his offense; and we assign some, but not much, weight to that factor. Appellant does not have a significant history of prior criminal convictions and delinquency adjudications; and we assign this factor somewhat greater weight.

Finally, under factor (7), appellant voluntarily turned himself in to the police, pleaded guilty rather than demanding a hopeless trial, and professed remorse for his acts. However, we find that these things are entitled to little weight as mitigation in this case. Appellant turned himself in only after Edmonds had been arrested and had named him as a participant. Further, appellant pleaded guilty and professed remorse only after changing his story several times and after learning that Norman Stout had survived. Under such circumstances, appellant's cooperation with the authorities, guilty plea, and belated remorse are of minimal mitigating value.

Our independent weighing of all the mitigating factors against the aggravating circumstance leads us to conclude that that aggravating circumstance does outweigh the mitigating factors present in this case beyond a reasonable doubt.

### III

Our final task is to determine whether the sentence of death is appropriate. In this determination, we must "consider whether the sentence is excessive or disproportionate to the penalty imposed in similar cases." R.C. 2929.05(A).

Appellant cites us to several

somewhat similar cases which resulted in life sentences, and argues that his sentence was therefore excessive and disproportionate. However, earlier this term in *Steffen, supra,* at paragraph one of the syllabus, we held that "[t]he proportionality review required by R.C. 2929.05(A) is satisfied by a review of *those cases already decided by the reviewing court in which the death penalty has been imposed.*" (Emphasis added.) We further clarified that "proportionality review in this court will be limited to a review of cases we have already announced. No reviewing court need consider any case where the death penalty was *sought but not obtained* or where the death penalty could have been sought but was not." (Emphasis added.) *Id.* at 124, 31 OBR at 284, 509 N.E. 2d at 395.

With that in mind, we now examine the cases in which this court has affirmed the imposition of the death sentence. In *State* v. *Barnes* (1986), 25 Ohio St. 3d 203, 212, 25 OBR 266, 274, 495 N.E. 2d 922, 929, we summarized the cases to date wherein we had upheld the imposition of the death penalty under the current statutory scheme:

"* * * *State* v. *Jenkins, supra* (15 Ohio St. 3d 164), involved the murder of a police officer during a bank robbery. In *Jenkins* the defendant was mentally deficient as evidenced by a very low I.Q., and yet the death penalty was upheld. *State* v. *Maurer* (1984), 15 Ohio St. 3d 239, involved the heinous crimes of rape and murder of a young girl. *State* v. *Rogers* (1985), 17 Ohio St. 3d 174 [vacated *sub nom. Rogers* v. *Ohio* (1985), 474 U.S. ____, 88 L. Ed. 2d 452, on remand (1986), 28 Ohio St. 3d 427, 28 OBR 480, 504 N.E. 2d 52, reversed on other grounds (1987), 32 Ohio St. 3d 70, 512 N.E. 2d 581], dealt with a similarly heinous fact pattern and a defendant with extreme mental problems. In both of these cases this court (with the exception of Justice Wright in *Rogers*) found the death penalty appropriate. *State* v. *Mapes* (1985), 19 Ohio St. 3d 108, and *State* v. *Martin* (1985), 19 Ohio St. 3d 122, * * * involved robbery-murder and defendants with no significant evidence offered in mitigation. This court found capital punishment an appropriate sentence for these types of cases. In *State* v. *Williams* (1986), 23 Ohio St. 3d 16, where robbery was again the aggravating circumstance and an elderly woman was the victim, this court upheld a death sentence. In addition, this court recently upheld a death sentence in *State* v. *Buell* (1986), 22 Ohio St. 3d 124, for murder during a kidnapping. Finally, this court upheld death sentences in *State* v. *Brooks* (1986), 25 Ohio St. 3d 144, involving the murders of the defendant's three sons."

*Barnes, supra,* involved the murder of a night porter at a bar during the commission of aggravated burglary and aggravated robbery. In *State* v. *Scott* (1986), 26 Ohio St. 3d 92, 26 OBR 79, 497 N.E. 2d 55, we upheld a death sentence imposed for the murder of the owner of a delicatessen during an aggravated robbery of her establishment. *State* v. *Glenn* (1986), 28 Ohio St. 3d 451, 28 OBR 501, 504 N.E. 2d 701, involved the murder of a reserve deputy sheriff while he was transporting a prisoner, in a squad car. In *Steffen, supra,* we upheld the imposition of a death sentence for the rape and murder of a young woman during an aggravated burglary. Finally, in *State* v. *Zuern* (1987), 32 Ohio St. 3d 56, 512 N.E. 2d 585, we upheld a death sentence imposed for the murder of a corrections officer in a detention facility.

From our review of the relevant cases, we conclude the imposition of the death penalty in the cause *sub*

*judice* is neither excessive nor disproportionate. Further, the fact that appellant's co-defendant Wesley received a life sentence with parole eligibility after twenty years for his part in Mrs. Stout's murder is not an impediment to affirming the death sentence in the instant case. The life sentence given to Wesley is the verdict of a jury in a separate trial. Proportionality review in the cause *sub judice* does not require a reweighing of the aggravating circumstances against the mitigating factors in Wesley's case.

Finally, we believe that a sentence of death is an appropriate penalty for the calculated execution of Mary Jane Stout, committed in order to escape detection, apprehension, trial or punishment for appellant's other offenses (the aggravated robbery of the Stouts and the attempted aggravated murder of Norman Stout).

## IV

We have completed our review of the record in the cause *sub judice*. We conclude that the three-judge panel properly weighed the aggravating circumstance against the mitigating factors. We are convinced beyond a reasonable doubt that the evidence supports the panel's determination that the aggravating circumstance that appellant was found guilty of committing outweighs the mitigating factors, and we are persuaded from our independent review to make that same determination. Lastly, we find that the imposition of a death sentence is neither excessive nor disproportionate, and we believe that sentence to be appropriate under the circumstances of this case.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.