OPINION
Defendant-appellant, Gary C. Smith ("appellant"), appeals from the final judgment of the Portage County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm for the following reasons.
On January 26, 2000, a complaint was issued charging appellant with domestic violence, a fifth-degree felony due to a prior domestic violence conviction. Appellant entered a plea of not guilty to the offense. On June 2, 2000, appellant entered into a written guilty plea. The plea agreement stated appellant understood that the maximum penalty for the offense was six to twelve months in prison and that the prison term the judge imposed would be the term served. The written plea agreement acknowledged that no promises or threats had been made to appellant to secure his guilty plea.
On June 2, 2000, appellant appeared before the trial court. Appellant replied in the affirmative when asked by the trial court if he understood the offense carried a maximum sentence of twelve months in prison. The trial court stated appellant could be placed on probation, house arrest, or local jail time if sentenced to a community-based sanction. Appellant was told he could be sent to the penitentiary for violating any community-based sanctions. The trial court further explained appellant could be placed on post-release control when released from prison. The trial court explained to appellant that sentencing would be up to the court. Appellant denied that any promises or threats were made to induce him to plead guilty. Appellant stated he was entering his plea of guilty voluntarily. In a judgment entry issued June 5, 2000, the trial court found appellant knowingly and voluntarily entered into the written plea of guilty and accepted the plea.
On August 21, 2000, appellant appeared before the trial court for sentencing. Appellant apologized before the trial court imposed sentence. The trial court sentenced appellant to six months in the penitentiary.
On August 25, 2000, appellant filed a motion to stay imposition of sentence and to withdraw his plea of guilty. Appellant argued he entered a plea of guilty because his attorney indicated no jail time would be imposed. In his affidavit, appellant stated his attorney advised him that the best resolution of the case would be to plead guilty although appellant maintained his innocence. Appellant stated his attorney indicated he would not go to jail if he pled guilty. Appellant averred he recalled signing papers, but his attorney did not explain the documents. Appellant claimed he would not have pled guilty had he known he could be sentenced to the penitentiary.
On September 18, 2000, the trial court held a hearing on appellant's motion. Appellant testified that when he arrived at court to plead guilty, his attorney asked appellant if he was ready to make a deal. When asked about going to trial, the attorney stated it would cost appellant five thousand dollars ($5,000). Appellant stated his attorney said he would not serve any jail time. Appellant expected to pay a fine and perhaps enter counseling. Appellant averred he pled guilty based upon his belief that a jail sentence would not be imposed.
Under cross-examination, appellant admitted he signed the written plea agreement but stated he did not remember seeing the statement on the document regarding the maximum penalty. Appellant did recall the trial court stating the maximum penalty for the offense. Appellant stated he pled guilty because of his reliance upon his attorney's assertion that he would not go to jail.
On September 21, 2000, the trial court issued its judgment entry overruling appellant's motion to withdraw his plea of guilty. The trial court determined, based upon appellant's testimony and the court's inquiry, no manifest injustice occurred at the time of sentencing. Appellant has appealed from this ruling.
In his sole assignment of error, appellant contends the trial court erred by overruling his motion to withdraw his guilty plea. Appellant states that his reliance on his attorney's representation that no jail term would be imposed resulted in a manifest injustice. Appellant asserts his guilty plea must be vacated based upon his counsel's erroneous representation. Appellant argues his attorney rendered ineffective assistance of counsel because he incorrectly informed appellant he would not be sentenced to jail time and because appellant was not advised to plead to a lesser charge.
A plea may be withdrawn after imposition of sentence only to correct manifest injustice. Crim.R. 32.1. The defendant has the burden of establishing the existence of manifest injustice. State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Such a motion is allowable only in extraordinary circumstances. Id. at 264. The good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court. State v.Stumpf (1987), 32 Ohio St.3d 95, 104. An appellate court's review is limited to a determination of whether the trial court abused its discretion. State v. Blatnik (1984), 17 Ohio App.3d 201, 202. What constitutes an abuse of discretion with respect to the denial of a Crim.R. 32.1 motion will necessarily vary with the facts and circumstances of each case. State v. Kerns (July 14, 2000), Trumbull App. No. 99-T-0106, unreported, 2000 Ohio App. LEXIS 3202.
In State v. Talanca (Dec. 23, 1999), Trumbull App. No. 98-T-0158, unreported, 1999 Ohio App. LEXIS 6257, the defendant averred his attorney stated he would receive a suspended sentence and probation in exchange for his guilty plea. This court upheld the trial court's denial of Talanca's motion to withdraw his guilty plea. The record included a written plea agreement establishing that Talanca was not promised a particular sentence but was informed of the maximum sentence he could receive. Talanca's self-serving statements were insufficient to warrant a withdrawal of his guilty plea.
A review of the record before this court reflects that appellant was informed of the maximum penalty several times. The penalty of six to twelve months in prison is set forth in the written plea agreement appellant signed. At the plea hearing, the trial court again informed appellant of the possibility a prison sentence would be given. Appellant acknowledged that no promises or threats induced his plea. The trial court told appellant it would set the sentence. The trial court did not abuse its discretion by determining no manifest injustice occurred, justifying the vacation of appellant's plea.
Appellant also claims he received ineffective assistance of counsel. A defendant must show that his attorney's actions were so deficient as to constitute a substantial violation of his duties to the defendant. If such violation occurred, the defendant must show he was prejudiced by the deficient performance. Strickland v. Washington (1984), 466 U.S. 668,688. The fact that a defendant would not have entered the guilty plea, but for the ineffective assistance of counsel, is not sufficient to establish the necessary connection between ineffective assistance and the plea. The ineffective assistance of counsel only will be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily. State v. Sopjack (Dec. 15, 1995), Geauga App. No. 93-G-1826, unreported, 1995 Ohio App. LEXIS 5572.
A careful review of the record shows appellant entered his plea of guilty in a knowing and voluntary manner. The trial court explained appellant's rights and the possible sentences. Appellant received all the information necessary for him to enter
a knowing and voluntary plea. Appellant's assignment of error is not well-taken and the judgment of the trial court is affirmed.
 ____________________________ JUDGE DIANE V. GRENDELL
O'NEILL, P.J., NADER, J., concur.