DECISION AND JUDGMENT ENTRY
{¶ 1} Henry A. Webster appeals from the Hocking County Court of Common Pleas' decision finding him guilty of operating a motor vehicle while under the influence pursuant to R.C. 4511.19(A)(1), a third degree felony. Webster claims that the trial court erroneously applied a predicate fourth degree felony OMVI conviction to his present offense, thereby increasing his conviction from a first degree misdemeanor to a third degree felony. Because Webster pled guilty, he waived his right to raise this issue. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Webster committed two OMVI offenses on February 23, 1995 and March 23, 1995. After his arrest for these two offenses, Webster fled Ohio and failed to return for trial. At some point, Webster came back to Ohio and committed another OMVI offense on January 16, 1997. On March 14, 1997, a trial court convicted Webster of all three OMVI offenses and sentenced him accordingly.
 {¶ 3} On October 5, 2001, Webster committed another OMVI offense and eventually entered a plea of no contest to a fourth degree felony OMVI ("F-4 OMVI") on November 26, 2001. The trial court subsequently found Webster guilty of the F-4 OMVI. Webster did not appeal his conviction.[1]
 {¶ 4} On October 25, 2003, Webster committed another OMVI offense. The resulting indictment charged him with a third degree OMVI ("F-3 OMVI"). To find Webster guilty of the F-3 OMVI, the trial court had to determine that Webster was convicted of, or pled guilty to, a predicate F-4 OMVI. Webster pled guilty to the 2003 F-3 OMVI offense and the trial court accepted the plea and sentenced him to prison for four years.
 {¶ 5} Webster appeals and asserts the following assignment of error: "The trial court erred in [the F-3 OMVI case] by accepting a plea from Appellant to an [OMVI] Charge treated as a [third] degree felony for conviction and sentencing purposes. The Court, instead, should have accepted and sentenced Appellant on a plea of an [OMVI] Charge treated as a [first] degree misdemeanor for conviction and sentencing purposes."
 II. {¶ 6} Webster asserts that the trial court erroneously convicted him of an F-3 OMVI offense because the trial court improperly convicted him of the 2001 F-4 OMVI offense. According to Webster, the trial court improperly counted the convictions for his 1995 and 1997 OMVI offenses as three separate convictions. Webster contends that the trial court must consider these as one for purposes of R.C. 4511.19(G)(1)(d) because the convictions occurred on the same date. If the trial court improperly convicted him of the F-4 OMVI offense, then Webster reasons that it cannot now use that conviction as a predicate offense for altering the current charge from a first degree misdemeanor to a third degree felony for purposes of conviction and sentencing enhancement.
 {¶ 7} A plea of guilty is a complete admission of guilt.State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 14, citing State v. Stumpf (1987), 32 Ohio St.3d 95, 104. By pleading guilty, Webster admitted that he committed three prior OMVI offenses and that he committed the OMVI at issue. Webster makes no claim that his plea was not entered knowingly, intelligently, and voluntarily. Therefore, Webster is precluded from raising substantive issues regarding the merits of the F-3 OMVI charge.
 {¶ 8} Assuming arguendo, that Webster had pled no contest to the F-3 OMVI charge, his assignment of error is still without merit. Our court may not disturb a sentence unless we find, by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. State v. Bay, Washington App. No. 00CA52, 2001-Ohio-2958.
 {¶ 9} R.C. 4511.19(G)(1)(d) states: "* * * Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of this section or other equivalent offenses is guilty of a felony of the fourth degree." R.C.4511.19(G)(1)(e) states: "* * * An offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree."
 {¶ 10} Webster contends that the trial court erroneously counted his two 1995 OMVI offenses and the 1997 OMVI offense as three separate convictions in order to convict him of an F-4 OMVI offense in 2001. Webster argues that the trial court should have considered these three separate offenses as one conviction because the date of conviction was the same. Webster alleges that anytime a defendant is convicted on the same date for separate OMVI offenses, a trial court may only consider those convictions as one conviction for the purpose of determining whether the defendant is guilty of an F-4 OMVI. However, Webster misreads the clear intent of the statute.
 {¶ 11} The date from which the time frame runs is the prior conviction date to the present offense date. Thus, if a defendant commits three separate OMVI offenses on three separate dates, but pleads guilty to all on the same trial date, a trial court cannot convict that defendant of an F-4 for a subsequent OMVI. For example, if a defendant commits one OMVI on January 1, another on January 20, and a third on February 1, and then pleads guilty to all three OMVI offenses on February 15, it is impossible to convict the defendant of an F-4 for a subsequent OMVI. At the time of the January 1 offense, this hypothetical defendant had no prior convictions. The same is true for the January 20 and February 1 offenses. Therefore, when the hypothetical defendant was convicted on February 15 of all three offenses, no prior convictions existed for the relevant period; i.e. the date of the prior conviction to the date of the present offenses. However, this hypothetical differs dramatically from the present case. Here, the relevant period is the date of the prior convictions (March 14, 1997) and the date of the present offense (October 5, 2001). When Webster committed the October 5, 2001 OMVI, three prior convictions existed on his record within the relevant six-year period. Therefore, the trial court properly convicted Webster of an F-4 OMVI for his October 5, 2001 offense.
 {¶ 12} Because the trial court properly considered the three 1997 OMVI convictions as separate convictions for the purpose of raising the 2001 offense from a first degree misdemeanor to a fourth degree felony, the 2003 OMVI conviction as a third degree felony pursuant to R.C. 4511.19(G)(1)(e) was also proper. Accordingly, we find Webster's sole assignment of error without merit.
 III. {¶ 13} In conclusion, Webster waived his right to appeal his conviction by pleading guilty. Because the guilty plea constituted a complete admission of guilty, Webster cannot now attack his conviction on the basis that the State cannot prove an element of the offense. Moreover, the trial court properly considered the two 1995 OMVI offenses and the 1997 OMVI offenses as three separate convictions even though the convictions occurred on the same date. As a result, the trial court correctly convicted Webster of an F-4 OMVI offense in 2001.
Judgment Affirmed.
 JUDGMENT AFFIRMED
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment in execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
[1] The language contained in R.C. 4511.99(A)(4)(a)(i) at the time of Webster's conviction is now contained in R.C.4511.19(G)(1)(d). At the time of this conviction, R.C.4511.99(A)(4)(a)(i) stated: "If, within six years of the offense, the offender has been convicted of or plead guilty to three or more violations identified in division (A)(2) of this section * * * the offender is guilty of a felony of the fourth degree * * *."