OPINION
{¶ 1} Quang Ly Tran appeals from the judgment of the Franklin County Court of Common Pleas which dismissed his motion to withdraw his previous guilty pleas entered in that court and assigns the following errors:
 I. The Trial Court Abuses Its Discretion When It Summarily Dismisses A Defendant's Motion To Withdraw His Guilty Plea, In Accordance With Ohio Revised Code 32.1, Where *Page 2 
Evidence Presented Shows That Defendant Has A Justiciable Issue For Court Review.
 II. The Trial Court Abuses Its Discretion When It States Defendant Had Not Met His Burden Of Proof Of Manifest Injustice and Denied Defendant A Hearing On His Motion to Withdraw His Guilty Plea.
 III. The Trial Court Abuses Its Discretion When It Allowed The Prosecutor's Office To Respond To Appellant's Motion To Withdraw His Guilty Plea.
 {¶ 2} On December 22, 1986, Tran was indicted on one count of aggravated murder with a felony murder specification and aggravated robbery. In May 1988, a jury found appellant guilty of both charges. Prior to the sentencing phase of the trial, Tran entered guilty pleas to the charges before a three-judge panel upon the agreement with the State that it would not seek the death penalty or life imprisonment for 30 years before possibility of parole. Appellant was then sentenced to a term of life imprisonment with parole eligibility after 20 years imprisonment and an indeterminate prison term of ten to 25 years on the aggravated robbery charge with the sentences to be served concurrently.
 {¶ 3} In 1995, Tran filed a motion to withdraw his guilty pleas and a petition for post-conviction relief with the trial court. In his motion, appellant contended his motion should be granted because he claimed he was coerced into entering the guilty pleas, that his attorney told him the maximum sentence he faced was ten years, that he had *Page 3 
little or no understanding of the English language, and that he did not understand his rights.
 {¶ 4} The trial court dismissed Tran's petition and overruled his motion without a hearing. Tran appealed to this court and this court affirmed the trial court's decision in State v. Tran (Feb. 13, 1997), Franklin App. No. 96APA07-882. We found that Tran's claims raised in his post-conviction petition were barred by principles of res judicata and that the trial court properly overruled Tran's motion to withdraw his previous guilty pleas without a hearing. In particular, we noted in our appellate opinion that Tran's claim that his guilty pleas were not voluntarily, knowingly, and intelligently made was rebutted by the evidence in the trial record:
 The record of the sentencing hearing, as well as the extensive written plea agreement, rebut appellant's claims. Appellant was provided with an interpreter during the trial and was provided with another interpreter at the time he entered a plea of guilty, who was from his own community in Viet Nam who spoke appellant's particular dialect. The record of the sentencing hearing shows numerous references to conferences between appellant and the interpreter. At no time did appellant indicate a lack of understanding of the proceedings. The record of the sentencing hearing shows the trial court scrupulously complied with Crim. R. 11 and, on a variety of occasions, inquired as to whether appellant understood the proceedings. At no time did appellant indicate he did not understand what was taking place.
 The record indicates that the plea was entered pursuant to North Carolina v. Alford (1970), 400 U.S. 25. Appellant, through his interpreter, specifically stated: *Page 4 
 "I plead guilty, but the reason I plead guilty is because I don't want to be charged with 30 years or the death penalty."
 A plea entered pursuant to Alford is not involuntary, even if the defendant contends he is innocent. The test for determining the validity of a guilty plea, pursuant to Alford, is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant.
 The sentencing agreement signed by appellant mentions in at least three places that his sentence would be twenty years before the possibility of parole eligibility. The trial court personally informed appellant of the potential sentence. Likewise, appellant admitted that he understood the sentence.
 The record provides no evidence of coercion. Appellant was permitted to enter a plea of guilty after having been found guilty by a jury of aggravated murder with a specification, as well as aggravated robbery, in exchange for the minimum sentence of twenty years before parole eligibility and, thereby, avoided a possible sentence of thirty years before parole eligibility or death. Given the overwhelming evidence of appellant's guilt, trial counsel achieved the best possible result for his client. Clearly, this represented an intelligent choice among alternative courses of action. Appellant's first, fourth and sixth assignments of error are overruled.
(Tran, at 10-11.)
 {¶ 5} On May 18, 2008, Tran again filed a motion with the trial court to allow him to withdraw his 1988 guilty pleas. Tran's motion was prompted by the Ohio Adult Parole Board's decision to deny him parole after his 20 years of incarceration. Tran contended that the parole board had breached the agreement he had with the State pursuant to his 1988 guilty pleas that he be released from prison in 20 years. Tran *Page 5 
again contended he was a foreign-born citizen and that he did not understand any of the proceedings which took place at the time he was sentenced.
 {¶ 6} The trial court overruled Tran's motion because it found he had failed to demonstrate in his motion that he had been the victim of a manifest injustice. The court also found that Tran's claim was barred by res judicata because he could have raised this issue on direct appeal, citing State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.
 {¶ 7} In his first two related assignments of error, Tran argues that the trial court abused its discretion in denying his motion without providing him a hearing. The State argues that the trial court properly denied Tran's motion because his claims that he could not speak English and understand the consequences of his guilty pleas are now barred by the principles of res judicata.
 {¶ 8} Tran's post-conviction petition to withdraw guilty pleas is governed by Crim. R. 32.1. The rule states that such a motion may be made after the sentence is imposed only to correct a manifest injustice. The burden of establishing the existence of a manifest injustice is upon the defendant seeking the vacation of the plea. State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus.
 {¶ 9} A motion made pursuant to Crim. R. 32.1 is addressed at the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court. State v. *Page 6 Stumpf (1987), 32 Ohio St.3d 95, 104, 512 N.E.2d 598; Smith, at paragraph two of the syllabus. An appellate court's review is limited to a determination of whether the trial court abused its discretion by denying the motion to withdraw a guilty plea. State v. Barnett (1991),73 Ohio App.3d 244, 250, 596 N.E.2d 1101. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.State v. Montgomery (1991), 61 Ohio St.3d 410, 413, 575 N.E.2d 167.
 {¶ 10} A hearing on a post-sentence Crim. R. 32.1 motion is not required if the facts alleged by the defendant raise a factual and legal issue which could have been raised in a direct appeal or, if raised, was decided in a prior appeal. In other words, the claim raised in the post-sentence motion is barred by principles of res judicata. In Tran's prior appeal, this court specifically found that Tran entered knowing, voluntary, and intelligent guilty pleas to the charges and that he was informed and understood he was eligible for parole after 20 years. Tran now claims he thought the State promised he would be released on parole in 20 years in exchange for his guilty pleas.
 {¶ 11} We agree with the State that Tran's claim is barred on res judicata grounds. We have previously found that Tran entered his pleas with a full understanding of their consequence. The first and second assignments of error are overruled. *Page 7 
 {¶ 12} In his third assignment of error, Tran argues that the trial court abused its discretion in allowing the prosecutor to respond to his motion. Tran argues that his motion named the Adult Parole Board as a party and only the Ohio Attorney General is permitted to represent it. The State argues it is a proper party to a defendant's post-sentence motion to withdraw. We agree with the State's position and that taken by the trial court. Appellant's third assignment of error is likewise overruled.
 {¶ 13} In summary, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas dismissing his motion to withdraw his guilty plea is affirmed.
Judgment affirmed.
FRENCH and TYACK, JJ., concur.
BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1