OPINION
{¶ 1} Defendant-appellant, Bruce King, appeals the decision of the Clermont County Court of Common Pleas sentencing him to maximum and consecutive prison terms upon his convictions for aggravated arson and burglary. We affirm the decision of the trial court.
 {¶ 2} On the morning of January 11, 2001, appellant went to the home of his former girlfriend, Diana Housley. He observed her leave for work, and then entered the home. Appellant poured gasoline throughout the house and then set the home on fire. Housley's pets, a cat, dog, and bird, were locked in a bedroom and perished in the fire. The home was destroyed and Housley lost most of her personal possessions.
 {¶ 3} Appellant was arrested and subsequently pled guilty to charges of aggravated arson, a second-degree felony, and burglary, a third degree felony. At the sentencing hearing, appellant expressed remorse for his actions. However, he stated that he suffered from sleeplessness, depression, and tooth pain and was taking the prescription medications Restoril, Paxil, and Vicodin to treat these conditions. He had also consumed alcohol the evening before, and stated that the combination of drugs and alcohol caused it to seem that he was in a dream or "trance-like" state when he set fire to Housley's home. Upon considering the evidence before it, the trial court sentenced appellant to the maximum prison terms on each count and ordered that the sentences be served consecutively. On appeal, appellant presents two assignments of error for review.
Assignment of Error No. 1
 {¶ 4} "THE TRIAL COURT ERRED BY IMPOSING MAXIMUM PRISON TERMS CONTRARY TO OHIO LAW AND TO THE FACTS OF RECORD IN THIS CASE."
 {¶ 5} When reviewing a trial court's sentencing decision, an appellate court may not modify or vacate the sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. R.C. 2953.08(G). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender. R.C. 2929.11(A).
 {¶ 6} A maximum prison term may be imposed on an offender by a trial court only if the trial court finds on the record that the offender "committed the worst for[m] of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). R.C. 2929.12 provides a list of factors for the trial court to consider when determining whether an offender's conduct is more or less serious than conduct normally constituting the offense, or if an offender is likely to commit future crimes. The trial court must provide the reasons underlying its decision to impose a maximum prison term. R.C.2929.19(B)(2)(d) and (e); State v. Boshko (2000), 139 Ohio App.3d 827,836.
 {¶ 7} When sentencing appellant to maximum prison terms, the trial court found that appellant "poses the greatest likelihood of recidivism," and "has committed the worst form of the offense." These findings support the imposition of a maximum sentence. See R.C. 2929.14(C). The trial court made the same findings in both the sentencing entry and at the sentencing hearing where it provided its underlying reasons. In support of its findings, the trial court noted the severe psychological and economic harm to the victim and her family. The trial court found that appellant's relationship with Housley facilitated the offense and that appellant attempted to minimize his responsibility by blaming his actions, to a large degree, on the combination of drugs and alcohol he had consumed.
 {¶ 8} Appellant contends that the trial court failed to consider that he had never before served a prison sentence. This contention is without merit. The trial court specifically noted that appellant had not served a prison sentence, yet concluded that to impose less than a maximum prison sentence would demean the seriousness of the offenses. Appellant also contends that he should have been granted leniency in sentencing because he pled guilty to the charges. However this fact is wholly unrelated to the sentencing factors. See State v. Stumpf (1987),32 Ohio St.3d 95.
 {¶ 9} Having reviewed the record, we find that the trial court sufficiently complied with R.C. 2929.14(C) when it imposed the longest prison terms authorized for appellant's convictions. The first assignment of error is accordingly overruled.
Assignment of Error No. 2
 {¶ 10} "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE PRISON TERMS CONTRARY TO OHIO LAW AND TO THE FACTS OF RECORD IN THIS CASE."
 {¶ 11} A trial court may impose consecutive terms of imprisonment only if it makes three specific findings: First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the trial court must find that the consecutive terms are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 {¶ 12} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 13} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 15} R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute in order to impose consecutive sentences upon an offender. Boshko, 139 Ohio App.3d at 838. However, the trial court is required to state sufficient supporting reasons for the imposition of such sentences. Id., citing State v. Edmonson,86 Ohio St.3d 324, 326; R.C. 2929.19(B)(2)(c).
 {¶ 16} The trial court expressly made the findings in its judgment entry of conviction necessary under R.C. 2929.14(E)(4) to impose consecutive sentences. The trial court found that consecutive sentences are necessary due to the great and unusual harm caused by appellant's conduct; that consecutive sentences are necessary to fulfill the sentencing goals of R.C. 2929.11; and, that consecutive sentences are not disproportionate to the seriousness of appellant's conduct. These findings were echoed at the sentencing hearing where the trial court elaborated on its reasons for imposing consecutive sentences. The trial court again noted the great and unusual nature of economic and psychological harm caused by appellant's crimes, and that no single prison term would adequately reflect the seriousness of appellant's conduct.
 {¶ 17} Appellant attempts to argue that his 13-year sentence is disproportionately severe by directing our attention to another case in which an offender with an extensive criminal record was sentenced to a total of 12 years on charges of voluntary manslaughter and felonious assault. See State v. Fisher, Butler App. No. CA98-09-190, 2002-Ohio-2069. While at first blush the sentences may seem disproportionate in comparison, the facts of the cases are not even remotely related to one another and consequently do not provide a reasonable basis for comparison. See R.C. 2929.11(B). On the contrary, our review of sentences imposed in similar cases reveals that appellant's sentence is consistent with those imposed for similar offenses. Cf.State v. Gibson (Apr. 11, 2001), Summit App. No. 20301 (maximum, consecutive sentences imposed upon arson and burglary convictions); Statev. Glass, Allen App. No. 1-98-81, 1999-Ohio-818 (maximum, consecutive sentences imposed upon arson and burglary convictions).
 {¶ 18} Appellant lastly contends that "the burglary and the arson were so inextricably interwoven together it can hardly be said they were truly `multiple offenses' causing such great or unusual harm that a consecutive sentence was required in this case." We find this contention to be without merit as appellant has failed to present any authority in support of his argument. See App.R. 12(A)(2) and 16(A)(7); State v.Walton (1998), 126 Ohio App.3d 316, 321. We further note that the elements of the two crimes do not coincide so as to require that the charges be merged. See State v. Rance, 85 Ohio St.3d 632,1999-Ohio-291. Thus, separate sentences for burglary and arson are appropriate where each is committed with a separate animus. See id.;State v. White (Mar. 13, 1992), Franklin App. No. 91-AP-845.
 {¶ 19} A review of the record supports the trial court's determination that consecutive sentences are necessary due to the unusual and great harm caused by appellant's conduct and to protect the public from future crimes committed by appellant. Accordingly, we find that the trial court did not err when it imposed consecutive sentences for appellant's convictions. The second assignment of error is overruled.
Judgment affirmed.
POWELL and YOUNG, JJ., concur.