JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Belvin McGee ("appellant") appeals the Cuyahoga Common Pleas Court's denial of his motion to withdraw his guilty plea to five sexually oriented offenses. For the reasons that follow, we affirm.
 {¶ 2} On November 8, 1999, appellant was indicted by the Cuyahoga County Grand Jury in a 53 count indictment, which included multiple counts of gross sexual imposition[1] with sexually violent predator specifications; felonious sexual penetration;[2] and rape[3] with sexually violent predator specifications against five children, each of whom was under the age of 13.
 {¶ 3} A jury trial commenced on December 13, 1999, and in the midst of trial, the appellant informed the court that he wished to change his plea. The appellant withdrew his previously entered pleas of not guilty and entered a plea of guilty to the following amended charges: count 17, attempted rape of Child A; count 27, rape of Child B with use of force; count 37, rape of Child C with use of force; count 43, gross sexual imposition of Child D; and count 53, gross sexual imposition of Child E. Pursuant to the plea agreement, the remaining counts against the appellant were nolled by the State. The appellant stipulated to the classification of a sexual predator.
 {¶ 4} On December 20, 1999, the trial court found the appellant guilty of the amended counts and sentenced the appellant to 8 years imprisonment on count 17, life imprisonment on each of the counts 27 and 37 and five years on each of the counts 43 and 53, count 17 to run consecutive to counts 27, 37, 43 and 53 and counts 27, 37, 43, and 53 to run concurrently with each other. On December 23, 1999, the trial court reconvened for the purpose of stating on the record its reasons for imposing the sentence announced on December 20, 1999.
 {¶ 5} This matter has a lengthy history including appellant's direct appeal to this court in State v. McGee, Cuyahoga App. No. 77463, 2001-Ohio-4238, wherein appellant's convictions and sentence were affirmed.[4] The Supreme Court of Ohio denied appellant's appeal inState v. McGee (2002), 95 Ohio St.3d 1409.
 {¶ 6} Thereafter, on May 7, 2002, appellant filed a motion for withdrawal of plea pursuant to Crim.R. 32.1. The trial court denied the motion on November 4, 2002. The appellant submits a single assignment of error for our review.
I. The trial court abused its discretion in denying appellant's motion to withdraw guilty plea in order to correct manifest injustice pursuant to Crim.R. 32.1. When the trial court erred in accepting appellant's plea of guilty as it was not entered knowingly, intelligently and voluntarily to comply with Crim.R. 11(C).
 {¶ 7} In this assignment of error, appellant argues, pro se, that the trial court abused its discretion, because he did not understand the implications of his guilty plea as required by Crim.R. 11(C).
 {¶ 8} Crim.R. 11(C)(2) governs the acceptance of guilty pleas in felony cases and provides, in part:
 {¶ 9} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence."
 {¶ 12} Pursuant to Crim.R. 32.1, after sentence has been imposed, a trial court may permit a defendant to withdraw a guilty plea only to correct a manifest injustice. Crim.R. 32.1 provides:
 {¶ 13} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 14} A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. State v. Smith (1977),49 Ohio St.2d 261, paragraph two of the syllabus; State v. Stumpf
(1987), 32 Ohio St.3d 95, 104. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} A trial court does not abuse its discretion in overruling a motion to withdraw (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980), 68 Ohio App.2d 211, paragraph three of the syllabus.
 {¶ 16} "A presentence motion to withdraw a guilty plea should be freely and liberally granted." Xie at 526. On the other hand, a post-sentence motion to withdraw a guilty plea is subject to a more stringent standard and may be granted only to correct a "manifest injustice." Crim.R. 32.1; State v. Russ, Cuyahoga App. No. 81580, 2003-Ohio-1001. "A criminal defendant seeking to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice." Id.
 {¶ 17} This court defined "manifest injustice" in State v. Sneed
Cuyahoga App. No. 80902, 2002-Ohio-6502, ¶ 13. "A manifest injustice is defined as a `clear or openly unjust act.' Another court has referred to it as `an extraordinary and fundamental flaw in the plea proceeding.' Again, `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." (Citations omitted.)
 {¶ 18} On appeal, appellant argues that he was not properly advised that he could receive consecutive sentencing and that he was misinformed that he would be eligible for parole in ten years, thus, his plea was not knowingly, intelligently and voluntarily made. We note that appellant's argument on appeal mirrors his argument in his direct appeal in State v. McGee, Cuyahoga App. No. 77463, 2001-Ohio-4238, and the argument in his motion for withdrawal of plea, filed May 7, 2002. The appellant raises a new claim herein where he contends that he did not understand the meaning of post-release control. This issue was not raised in the trial court and we will not consider it for the first time on appeal. AMF, Inc., v. Mravec (1981), 2 Ohio App.3d 29.
 {¶ 19} The State argues on appeal that appellant is precluded from re-litigating these matters as the Supreme Court of Ohio determined that a trial court is divested of jurisdiction to hear a motion to withdraw guilty plea where an appeal on the matter has been taken, relying onState ex rel. Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94,97-98. We agree.
 {¶ 20} In Special Prosecutors, the Supreme Court of Ohio explained that "the trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction. (Citations omitted). However, * * * [when] the trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial [are] inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea, [t]he judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment."
 {¶ 21} Thus, the trial court loses its jurisdiction when an appeal is taken, and, absent a remand, the trial court does not regain jurisdiction subsequent to the decision of the court of appeals. SpecialProsecutors, at 97. "Furthermore, Crim. R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." Special Prosecutors at 97.
 {¶ 22} In the case sub judice, appellant pled guilty on December 13, 1999. The trial court accepted the plea, found appellant guilty, and sentenced him on December 20, 1999. The appellant then filed his direct appeal of his conviction and sentence to this Court. When the appellant's conviction and sentence were affirmed by this Court in its opinion dated December 12, 2001, the trial court subsequently lost jurisdiction to consider a motion to withdraw a guilty plea. As in Special Prosecutors, the trial court lacked jurisdiction to consider the appellant's motion for withdrawal of guilty plea which was filed on May 7, 2002, a date after this Court affirmed his conviction and sentence on direct appeal. See also, State v. Kovacek, Lorain App. No. 02CA008115, 2002-Ohio-7003;State v. Zudell, Lorain App. No. 02CA007982, 2002-Ohio-4253; State v.Jackson (Mar. 30, 2001), Miami App. No. 2000-CA-48.
 {¶ 23} Assuming arguendo that this court had jurisdiction, we find that appellant failed to demonstrate manifest injustice in this case and that the trial court did not abuse its discretion when it denied appellant's motion for withdrawal of his guilty plea. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
KENNETH A. ROCCO, A.J., concurs.
COLLEEN CONWAY COONEY, J., concurs in judgment only (See attachedconcurring opinion).
[1] R.C. 2907.05.
[2] R.C. 2907.12.
[3] R.C. 2907.02.
[4] Appellant claimed that he was denied due process of law when the trial court failed to advise him of parole implications, consequences of the sexual predator classification, and by the imposition of maximum consecutive sentences.