## FRANK v FRANK

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 28, 1935

C. T. Vaughan, Youngstown, for plaintiff.
Hahn & Hunt, Youngstown, for defendant.

**OPINION**

By NICHOLS, J.

The record discloses that the father claims mistreatment, failure to provide him with proper food and generally a breach of the contract to support, maintain and care for the father. We have carefully read all of the testimony contained in the record in this case. The burden was upon the father to show by, at least, a preponderance of the evidence that the son had breached the contract to support the father. There is no corroboration of any kind or character supporting the claims made by the father and, on the other hand, the evidence abounds in proof of the character of home furnished by the son to his father and the manner of the care devoted to him. The trial court seems to have arrived at a conclusion as to what his de-

cision would be in this case long before the evidence of the defendant had been received. On page 80 of the record the trial court stated:

"COURT: If you want to know whether the court has been impressed as to their being some contention between this lady and the plaintiff, I am fully convinced of it, and I don't need any more on that. I think there was some considerable friction and feeling; if you want to prove that, you don't have to go any further. I am already convinced of it.

MR. HUNT: Well, I hoped to show you that it was all one-sided.

COURT: Well, I am afraid you aren't going to show me that it was all one-sided. I think there was some on both sides, if you want my opinion, so you don't need to go any further. As far as I am concerned, I have my impression formed.

MR. HUNT: I would at least like to perfect the record.

COURT: Surely, go ahead, for some other court. As far as I am concerned, I have seen the old gentleman, and I am afraid no Court of Appeals will be able to go and see him and I have formed by impression here and as I think, as I say, I am right in saying that there was feeling on both sides so there is no need to go into it any further. Possibly it was justifiable on one side and not on the other; I am not telling you what I think about that, but I am saying you don't need to go into it for me any further. This is one of those unfortunate, sordid domestic troubles between children and parents that ought never to be aired in court.

MR. HUNT: I hardly agree with your Honor, as far as that is concerned.

COURT: It ought never have been brought. It ought never to have been compelled to go to trial, the son should have done what his father wanted no matter how wrong the father was. That is my opinion about these quarrels between father and son. I can't understand them, as far as the father and son is concerned, the father is always right. That is my understanding; of course, maybe I have got an old fashioned idea about it."

Apparently the trial court was impressed with the idea that as between father and son, where there is a situation of the character shown by the record here, a deed made by an aged father to a son, in consideration of care and support should be set

aside in all instances where the father becomes dissatisfied.

From the record we can find no conduct on the part of the son or of the members of his family which would justify us in finding that the son had breached the contract in question. The father received the support of his son for four years. The son paid cash, amounting to more than $600.00 in excess of that received by him. There is still a mortgage of almost one thousand dollars against the property, the value of which is, as shown by the record, probably no more than two thousand dollars, being on the tax duplicate at the assessed value of $900.00.

We are of the opinion that the abuses and neglect which the father seems to have suffered and felt were largely imaginary and due to the age and infirmity of the father. The son testifies that he is ready and willing to support the father and that his home has been and is now open and ready to receive him, and that the action of the father in leaving the son's home was entirely voluntary, and we think without substantial cause. If we were to adopt the view of the trial court that in all cases of conveyance by a parent to a child in consideration of support and care the conveyance should be set aside solely because the parent becomes dissatisfied when there is no actual breach of the contract upon the part of the child, it would open the way to deprive a dutiful child of the benefit of a legitimate contract after he had faithfully performed thereunder and would be an incentive to other children who have not contributed anything to the support of the parent and who have fully failed in their own duty to the parent to reap the benefits to be derived by creating dissatisfaction in the mind of the parent.

The finding of this court is in favor of the defendant and that the petition of plaintiff be dismissed at the costs of the plaintiff.

CARTER and ROBERTS, JJ, concur.