OPINION JUDGMENT ENTRY
{¶ 1} Defendants-appellants Atwood Motors Co., et al. appeal the July 23, 2003 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which denied appellants' Motion for Attorney Fees. Plaintiff-appellee is Bruce McCreery.[1]
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On October 8, 1999, appellee filed a complaint in the Tuscarawas County Court of Common Pleas, naming appellants Atwood Motors Co. and Denise Alsept, as well as Huntington National Bank as defendants.[2] With respect to appellants, appellee asserted violations of the Magnuson Moss Warranty Act, violations of the Ohio Uniform Commercial Code, violations of the of the Ohio Consumer Sales Practices Act, and claims for fraud and breach of implied warranties. The claims arose out of the September 19, 1996 purchase of a 1993 Chevrolet pickup truck by appellee from appellants. Denise Alsept is the owner of Atwood Motors Co. The price of the vehicle, including all charges, fees, and taxes was approximately $19,950. Alsept had purchased the pickup truck from Bidwell Chevrolet Olds, Inc. at the Butler Auto Auction in Cranberry, PA, in June, 1996. The vehicle was sold to appellants under a "green light," indicating the vehicle had no problems.
{¶ 3} Subsequently, in March of 1998, appellee learned the pickup truck had been severely damaged in an accident in New York State and Bidwell Chevrolet Olds had purchased the vehicle with a salvage title, restored it, and ultimately sold it to appellants. After appellee learned the vehicle was salvaged, he demanded rescission of the purchase agreement with appellants as well as an additional $12,000 in compensation. Appellants offered to take the truck back, pay off the balance of the loan, and pay appellee $2,000 in cash. Appellee refused appellants' offer and subsequently commenced this action.
{¶ 4} The matter proceeded to a three day jury trial on March 26, 27, and 28, 2001. After hearing all the evidence and deliberations, the jury found in favor of appellants. The trial court memorialized the jury verdict via Judgment Entry filed March 29, 2001.
{¶ 5} On April 26, 2002, appellants filed a Motion for Attorney Fees pursuant to R.C. 1345.01(F)(1). The trial court conducted an oral hearing on the motion on May 6, 2002. Via Judgment Entry filed July 23, 2003, the trial court denied appellants' motion for attorney fees, finding appellee's complaint was not groundless and not filed in bad faith.
{¶ 6} It is from this judgment entry appellants appeal, raising as their sole assignment of error:
{¶ 7} "I. The trial court's decision is contrary to the manifest weight of the evidence and abusive discretion in that it: 1. Found that appellee/plaintiff's complaint was not groundless and in bad faith; 2. that appellant/defendant's sought attorney fees to be recovered were unreasonable."
 I
{¶ 8} Herein, appellants maintain the trial court abused its discretion in denying their motion for attorney fees.
{¶ 9} R.C. 1345.09(F)(1) provides:
{¶ 10} "(F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
{¶ 11} "The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith * * *"
{¶ 12} Appellants assert the evidence presented by appellee's expert witnesses supports a finding appellee's complaint was groundless and in bad faith; therefore, appellants should have been awarded attorney fees. State Trooper O'Donnell, who examined the vehicle at appellee's request, testified the restoration of the vehicle was good and the repairs were well done, and he could not see any defects without physically getting under the vehicle. The trooper noted it was not apparent the vehicle had been wrecked or damaged. Trooper O'Donnell explained he determined the car had been tampered with only after conducting a full scale inspection of the vehicle.
{¶ 13} Thomas Georgeoff, who has been in the business of buying and selling cars for over twenty years, testified Ohio titles are branded as salvaged, but New York State motor vehicles titles do not provide any such indication. Georgeoff explained Butler Auto Auction uses a "light system" to specify the condition of the vehicle which is being sold. The purchase slip from Butler Auction for the subject vehicle indicated the vehicle was sold under a "green light" to appellants. A "green light" indicates the vehicle is in perfect condition.
{¶ 14} Alsept testified on his own behalf. Prior to acquiring the vehicle, he contacted Carfax, a company which researches a vehicle through the use its VIN number to determine whether the vehicle has any defects such as an odometer rollback or a salvage title. The Carfax verification of the vehicle subject did not contain any information of this nature. Alsept further testified, after appellee had driven the vehicle for eighteen months and then advised Alsept of the salvage title, Alsept offered to give appellee a full refund of the purchase price. Appellee refused, demanding the full purchase price plus $12,000.
{¶ 15} We agree with appellants the evidence clearly establishes appellants did not engage in a deceptive or unconscionable act relative to the sale of the subject vehicle to appellee. In fact, appellants made concerted efforts to rectify the situation. However, as we have repeatedly held, "[t]he term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Steiner v. Custer (1940),137 Ohio St. 448; Conner v. Conner (1959), 170 Ohio St. 85; ChesterTownship v. Geauga Co. Budget Comm. (1976), 48 Ohio St.2d 372;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984),15 Ohio St.3d 164, 222.
{¶ 16} Although this Court might well have found attorney fees warranted under the facts of this case, we are constrained by the standard of review. Because the statute does not require an award, we cannot find the trial court abused its discretion in not making an award.
{¶ 17} Appellants' sole assignment of error is overruled.
{¶ 18} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, J., Gwin, P.J. and Edwards, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] Appellee has not filed a brief in this action.
[2] Huntington National Bank is not a party to this appeal.