OPINION *Page 2 
{¶ 1} Plaintiff David Schwingle appeals the decision of the Harrison County Common Pleas Court, which granted judgment in favor of defendant Brian Stull after a bench trial on plaintiffs breach of contract action. The threshold issue is whether the trial court's decision must be reversed and the case remanded for further consideration where the judgment entry applied the wrong burden of proof. Because the trial court applied the clear and convincing evidence standard rather than the preponderance of the evidence standard in evaluating plaintiffs claim, the trial court's decision is reversed and plaintiff's breach of contract claim is remanded for further consideration upon application of the proper burden of proof.
 {¶ 2} Defendant cross-appeals and argues that it was contrary to the manifest weight of the evidence to deny his counterclaim, which alleged that plaintiff filed the dismissed CSPA claim in bad faith. Because we cannot find the trial court's decision on this matter was contrary to the manifest weight of the evidence, the denial of defendant's counterclaim is affirmed.
 STATEMENT OF THE FACTS {¶ 3} Plaintiff David Schwingle hired defendant Brain Stull, dba Stull Excavating, to construct a large pond at his residence. Due to the failure of the pond to retain much water, plaintiff filed suit against defendant in late 2005. He alleged breach of contract and a violation of the Consumer Sales Practices Act (CSPA) due to the failure to provide written notice of cancellation under R.C. 1345.23 and 1345.28.
 {¶ 4} Defendant counterclaimed under the CSPA alleging that the CSPA claim was filed in bad faith, which would permit attorney fees under R.C. 1345.09(F). Thereafter, defendant filed a motion for summary judgment on plaintiff's CSPA claim, arguing that the transaction was not a consumer transaction and/or that this was not a home solicitation sale.
 {¶ 5} On June 19, 2007, the trial court granted summary judgment to defendant on plaintiff's CSPA claims. The court held that this was a consumer transaction but was not a home solicitation sale as defined in R.C. 1345.21. The court continued by holding that the CSPA claims listed in R.C. 1345.21 through R.C. 1345.28 require a home solicitation sale. The court noted that plaintiff's deposition testimony provided that the transaction was commenced when plaintiff approached *Page 3 
defendant at defendant's residence (rather than defendant soliciting at plaintiffs residence) and maybe at a bar as well. This decision was not appealed and is not at issue herein.
 {¶ 6} The bench trial on the breach of contract claim proceeded on July 18, 2007, and the court thereafter viewed the pond. On July 31, 2007, the trial court issued a decision with very detailed findings of fact. The court concluded by finding "that the Plaintiff did not meet his burden of proof by clear and convincing evidence for the court to form a firm conviction or belief that the essential elements of his cause of action had been established." The court also stated that defendant's counterclaim was dismissed for failure to establish that plaintiff acted in bad faith in the filing of the lawsuit. Both parties filed timely appeals from this order.
 PLAINTIFF'S ASSIGNMENTS OF ERROR {¶ 7} Plaintiff sets forth the following two alternative assignments of error:
 {¶ 8} "THE TRIAL COURT APPLIED THE WRONG BURDEN OF PROOF ON THE MATTER AS THE COURT APPLIED A CLEAR AND CONVINCING STANDARD."
 {¶ 9} "THE DECISION OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} Plaintiff initially points out that the trial court placed a clear and convincing burden of proof upon him regarding his breach of contract claim rather than the preponderance of the evidence burden applicable to breach of contract actions. See Frank v. Frank (1935), 19 Ohio Law Abs. 377 (7th Dist.). He urges that the application of a more difficult burden requires reversal and remand for reconsideration by the trial court under the proper standard.
 {¶ 11} Defendant concedes that preponderance of the evidence was the proper standard. However, defendant argues that plaintiff invited the court to use this higher standard in opening statements when counsel stated, "the evidence is going to show I think without — by clear and convincing evidence that this pond was poorly constructed * * *." (Tr. 3).
 {¶ 12} However, counsel's mere statement in opening that he has strong proof does not invite the court to apply the wrong burden. That is, attorneys often declare in opening statements that they have much more proof than necessary to support their claim. This is essentially what counsel did in this case. By way of further example, we *Page 4 
point out that had counsel stated that he possessed undisputed proof that the pond was improperly constructed, the trial court would not be free to force plaintiff to prove his case by undisputed proof. Counsel did not mention what standard to apply and thus did not invite the trial court's error. As such, defendant's initial response is without merit.
 {¶ 13} Alternatively, defendant posits that the trial court's factual findings clearly support a decision that plaintiff failed to prove his case by a preponderance of the evidence. Plaintiff's alternative assignment urges that a decision in favor of defendant would be contrary to the manifest weight of the evidence.
 {¶ 14} Contrary to defendant's suggestion, we cannot affirm the decision by applying the trial court's findings of fact to the proper burden. Merely because a trial court's factual findings could have been used to find plaintiff failed to meet his burden by a preponderance of the evidence does not mean that we can apply the proper standard for the trial court. We cannot say that the error was not prejudicial since it is not certain the trial court would have made the same decision upon application of the proper burden. Consideration of the differences between the two burdens further supports this determination.
 {¶ 15} Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence but less than proof beyond a reasonable doubt. State v. Schiebel (1990),55 Ohio St.3d 71, 74. It produces in the mind of the fact-finder a firm belief or conviction as to the facts sought to be established. Id. On the other hand, preponderance is merely proof which leads the trial court to find that the existence of the contested fact is more probable than its nonexistence. State v. Stumpf (1987), 32 Ohio St.3d 95, 102. A preponderance of the evidence means the greater weight of the evidence, which may be infinitesimal as it need only destroy the equilibrium. Id.
 {¶ 16} There is a considerable difference in the standards to the fact-finder, who must make the initial decision on weight and credibility. We cannot make that decision in the first instance and thus cannot review weight of the evidence in the breach of contract action at this time.
 {¶ 17} The need to reverse and remand for the trial court to consider the evidence under the proper standard is supported by other authority as well. See, e.g., Circuit Solutions, Inc. v. Mueller Elec. Co., 9th Dist. No. 05CA8775, 2006-Ohio-4321, ¶ 8 *Page 5 
(blanket application of clear and convincing burden instead of preponderance of evidence burden in breach of contract actions requires reversal and remand); Evanich v. Bridge, 9th Dist. No. 04CA8566,2005-Ohio-2140, ¶ 9 (where trial court mentioned both burdens, appellate court refused to make assumptions); State ex rel. Atty. Gen of Ohio v.Shieldalloy Metallurgic Corp., 56 Ohio App.3d 409, 2004-Ohio-982, ¶ 10
(where Fifth District found remand required after trial court imposed more stringent burden on the state who was seeking civil contempt charges); Walls v. Billingsley (Aug. 18, 1992), 3d Dist. No. 1-92-11 (application of more stringent burden is prejudicial and requires reversal and remand).
 {¶ 18} Accordingly, the trial court's decision is reversed and remanded for application of the correct burden of proof.
 DEFENDANT'S ASSIGNMENT OF ERROR {¶ 19} Defendant's sole assignment of error presented in his cross-appeal argues:
 {¶ 20} "THE DECISION OF THE TRIAL COURT DISMISSING DEFENDANT/ APPELLEE'S COUNTERCLAIM WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 21} Defendant's counterclaim alleged bad faith in plaintiff's filing of the CSPA claim and thus set forth a claim under R.C. 1345.09(F). According to this CSPA statute, the court may award to the prevailing party a reasonable attorney fee limited to the work reasonably performed if "[t]he consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith * * *." R.C. 1345.09(F).
 {¶ 22} Defendant urges here that the CSPA claims dismissed by summary judgment were clearly groundless and filed in bad faith. Defendant urges that the trial court's decision finding that plaintiff did not act in bad faith in filing the suit was contrary to the manifest weight of the evidence.
 {¶ 23} In reviewing a trial court's weighing of competing evidence and credibility determinations, we are guided by a presumption that the trial court's factual findings are correct. State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24. This is due in part to the fact that the trial court occupies the best position from which to view the witnesses and observe their demeanor, voice inflection, gestures, eye movements, etc. Id. We cannot reverse a civil judgment merely because we hold a different *Page 6 
opinion on the weight of the evidence presented to the trial court and the credibility of the witnesses. Id. The Supreme Court recently clarified that unlike criminal appeals, where we can reweigh the evidence, civil appeals require more deference to the trial court and require affirmance of those judgments supported by some competent and credible evidence. Id. at ¶ 26. Thus, civil judgments supported by some competent and credible evidence cannot be reversed on appeal as being contrary to the manifest weight of the evidence. Id. at ¶ 24, citingC.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280.
 {¶ 24} The trial court's original decision dismissing plaintiffs CSPA claim was based upon its conclusion that the statutes cited in the complaint required a home solicitation and that the deposition testimony submitted did not establish a home solicitation. Defendant claims that bad faith is shown by the fact that plaintiff could give no example of an unfair, unconscionable or deceptive act in his summary judgment deposition.
 {¶ 25} Plaintiffs deposition testimony may have merged the acts involved in the breach of contract action with the CSPA action. However, plaintiff should not be expected to perfectly testify as to why his attorney formulated his complaint in the manner presented. Moreover, the question at deposition essentially asked him to opine on legal terms. Plaintiffs deposition testimony did not conclusively establish bad faith in filing the CSPA action. The complaint alleged the act falling under this unfair, unconscionable or deceptive label was the failure to offer notice of the right to cancel the contract under the CSPA, which is a statutorily-listed omission falling under such label. See R.C. 1345.23; R.C. 1345.28. In addition, it was undisputed that this notice was not provided. See, e.g., Defendant's Answer.
 {¶ 26} Plaintiff believed that his pond leaked due to poor construction, and this claim went to trial where that particular issue was left to the trial court's discretion to weigh the evidence. The fact that plaintiff may have wrongly believed the cited CSPA sections applied to his claim as well did not require a finding of bad faith. SeeDavis v. Axelrod Chrysler Plymouth, Inc., 8th Dist. No. 81765, 2003-Ohio-438, ¶ 34 (car dealership that prevailed in buyer's action under the CSPA was not entitled to attorney fees absent evidence that buyer brought the action for any purpose other than pursuing herperceived rights under the CSPA). Finally, we note that the home *Page 7 
solicitation definition, with its strangely placed commas, is not the clearest of provisions. See R.C. 1345.21(A).
 {¶ 27} In conclusion, the trial court may have agreed that the CSPA claim was groundless, but this does not automatically establish bad faith as the mere existence of summary judgment on a CSPA claim does not require a judgment for defendant's attorney fees under R.C. 1345.09(F). See McCreery v. Atwood Motors Co., 5th Dist. No. 03AP080061,2004-Ohio-3328, ¶ 15-16 (noting that the statute does not require an award of attorney fees for the prevailing party and finding no abuse of discretion in the trial court's decision that plaintiff did not file action in bad faith). The trial court could have rationally found that plaintiff's action was not filed or maintained in bad faith. This was not an abuse of discretion or contrary to the manifest weight of the evidence presented at the trial. Accordingly, the court's decision denying defendant's bad faith counterclaim is upheld.
 {¶ 28} For the foregoing reasons, the trial court's decision on plaintiff's breach of contract claim is reversed and this case is remanded to the trial court for application of the proper burden of proof, and the trial court's decision on defendant's counterclaim for attorney fees due to the dismissed CSPA action is affirmed.
 DeGenaro, P.J., concurs. Waite, J., concurs. *Page 1