**The STATE of Ohio, Appellee,**

v.

**MORRIS, Appellant.**

[Cite as *State v. Morris*, 157 Ohio App.3d 395, 2004-Ohio-2870.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–030402.

Decided June 4, 2004.

---

Michael K. Allen, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for appellee.

Faulkner & Tepe, LLP, and A. Norman Aubin, for appellant.

---

WINKLER, Presiding Judge.

{¶ 1} Following his pleas of no contest, defendant-appellant Kevin Morris was convicted of possession of crack cocaine, a felony of the third degree, and of trafficking in cocaine, a felony of the fourth degree. The trial court sentenced him to maximum, consecutive terms of incarceration. The trial court further sentenced Morris to a three-year term of incarceration because Morris had committed the felonies while he was on post-release control.[1]

{¶ 2} On appeal, Morris now argues (1) that his maximum and consecutive sentences for the drug offenses were contrary to law; (2) that the court erred in imposing the additional three-year term of incarceration; and (3) that the court erred by clearing spectators from the courtroom during the sentencing hearing. We sustain the third assignment of error, vacate the sentences imposed, and remand this case for resentencing.

### Morris's Sentencing Hearing

{¶ 3} After the trial court imposed the maximum sentences upon Morris for the possession and trafficking offenses, the following transpired on the record:

{¶ 4} "THE DEFENDANT: Five years.

{¶ 5} "THE COURT: Ma'am, let's leave the courtroom. Leave the courtroom, please.

{¶ 6} "THE DEFENDANT: That's six-and-a-half years for two fuckin' dope cases. How could you give me six-and-a-half years for two dope cases? That is injustice, man.

{¶ 7} "THE SHERIFF: I have got a couple of sheriffs coming.

{¶ 8} "THE COURT: Let's get the sheriffs back here.

{¶ 9} "THE DEFENDANT: You give me six-and-a-half years.

{¶ 10} "THE COURT: Remove all those people."

{¶ 11} Following that exchange, the court continued with the sentencing hearing and ordered the maximum prison terms to run consecutively. The court then imposed the additional three-year prison term before the hearing concluded.

---

1. See R.C. 2929.141.

*The Right to a Public Trial Extends to The Sentencing Hearing*

{¶ 12} A criminal defendant's right to a speedy and public trial is guaranteed by both Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution, as applied through the Fourteenth Amendment.[2] The right of the public to attend criminal trials is also implicit within the guarantees of the First Amendment.[3] Moreover, the right to a public trial extends to pretrial as well as to trial proceedings.[4]

{¶ 13} Furthermore, sentencing, "even if it occurs in a separate hearing, * * * clearly amounts to the culmination of the trial. * * * [E]ven if * * * sentencing hearings are not considered part of the trial itself, they are surely as much an integral part of the criminal prosecution as are preliminary probable-cause hearings, suppression hearings, or bail hearings, all of which have been held to be subject to the public's First Amendment right of access."[5] Because the sentencing hearing is an essential part of the criminal trial itself, we hold that the right to a public trial extends to the sentencing hearing.[6] But the right is not absolute. A trial court is responsible for the conduct of courtroom proceedings and, in limited circumstances, has discretion to order the exclusion of spectators.[7] So the court may order the exclusion of spectators so long as it does not inappropriately deny the defendant's right to a public trial.[8]

{¶ 14} This court has stated, "To close a trial proceeding, the court must consider various factors. [Citations omitted.] First, the trial court must determine that there is an overriding interest that is likely to be prejudiced if the courtroom is not closed. Second, the trial court must determine whether there are reasonable alternatives available that will protect that interest yet preserve a defendant's constitutional right to a public trial. Third, it must issue an order

---

2. See *State v. Lane* (1979), 60 Ohio St.2d 112, 119, 14 O.O.3d 342, 397 N.E.2d 1338.

3. *State ex rel. The Repository, Div. of Thompson Newspapers, Inc. v. Unger* (1986), 28 Ohio St.3d 418, 420, 28 OBR 472, 504 N.E.2d 37.

4. See *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, at ¶ 62, citing *Unger*, supra.

5. *In re Washington Post Co.* (C.A.4, 1986), 807 F.2d 383, 389 (the press and the public have a First Amendment right of access to sentencing hearings).

6. See *United States v. Byrd* (D.S.C.1993), 812 F.Supp. 76 (sentencing is a part of the criminal process that must be open to the public); *In re Washington Post Co.*, supra.

7. See *State v. Bayless* (1976), 48 Ohio St.2d 73, 2 O.O.3d 249, 357 N.E.2d 1035, vacated in part on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155.

8. Id.

that is no broader than necessary to preserve the stated interest. Finally, the court must make findings adequate to support the closure." [9]

{¶ 15} In this case, it is apparent that initially the court had asked a female to leave the courtroom before ordering the removal of "all those people." The record does not indicate the identity of the persons who were subject to the court's removal order or whether the courtroom was cleared of all spectators. Moreover, the record is silent as to any conduct that would have prompted the removal order or that would have prompted the sheriff's deputy to interject that more deputies were on their way to the courtroom.

{¶ 16} The trial court's actions in ordering the removal of certain individuals may well have been warranted and entirely appropriate due to disruptive conduct that impeded an overriding interest in the court's orderly administration of its docket. Certainly, a serious disruption must have occurred in the courtroom to trigger the removal order by this very experienced trial judge. But, on the record before us, we cannot say that the removal of some or all of the spectators was necessary to protect an overriding interest, that there were no viable alternatives to the removal, or that the order was narrow enough to protect only an overriding interest.[10] Accordingly, we sustain the third assignment of error.

{¶ 17} With respect to Morris's first assignment of error, the trial court's sentence may well have been supported by appropriate findings and the reasons stated for those findings. And as to Morris's second assignment of error, the court's imposition of a term of incarceration for the commission of two felonies in violation of post-release control would have been appropriate under R.C. 2929.141.[11] But our ruling on the third assignment of error renders Morris's first and second assignments of error moot.[12]

{¶ 18} Accordingly, we vacate the sentences and remand this case to the trial court for resentencing. Should the court impose a consecutive term of incarceration for the violation of post-release control under R.C. 2929.141, the imposed

---

9. *State v. Sanders* (1998), 130 Ohio App.3d 92, 719 N.E.2d 619, citing *Waller v. Georgia* (1984), 467 U.S. 39, 45, 104 S.Ct. 2210, 81 L.Ed.2d 31; see, also, *Unger,* supra; *State v. Clifford* (1999), 135 Ohio App.3d 207, 733 N.E.2d 621.

10. See *Unger,* supra.

11. The trial court mistakenly referred to R.C. 2967.28, rather than to R.C. 2929.141, in imposing an additional prison term.

12. See App.R. 12(A)(1)(c).

term must be equal to the balance of time Morris would have spent on post-release control.[13]

Sentences vacated
and cause remanded.

HILDEBRANDT, J., concurs separately.

PAINTER, J., concurs separately.

HILDEBRANDT, Judge, concurring separately.

{¶ 19} Although I concur in the majority's decision, I write separately to recognize that an experienced trial judge was presiding over Morris's sentencing hearing and that it was more than likely that this trial judge appropriately exercised his discretion to clear the courtroom in light of the attendant circumstances. Something was obviously wrong in the courtroom. It is highly unusual for a sheriff's deputy to have to call for assistance during sentencing. That being noted, this court has twice held that in order for a trial court to close a courtroom to spectators, the trial judge must make an appropriate finding supporting the closure of the courtroom on the record.[14] That was not done here, so we are constrained to reverse the imposition of the sentences.

PAINTER, Judge, concurring separately.

{¶ 20} I concur in Judge Winkler's analysis. A trial judge has not only the power, but the duty to eject disruptive people from the courtroom. It just has to be done properly.

---

**13.** We note that the trial court imposed a three-year term of incarceration for the post-release-control violation when Morris had slightly less time than that remaining on his post-release-control sanction.

**14.** See *Sanders,* supra; *Clifford,* supra.