JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Kevin Morris appeals from his conviction and sentence for one count of possession of cocaine in violation of R.C.2925.11 in the case numbered B-0208274 and one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1) in the case numbered B-0207673. Morris pleaded no contest to the charges and the trial court found him guilty. On the day of his sentencing, Morris failed to appear, so the trial court issued a warrant for his arrest. Morris was subsequently arrested and sentenced to five years in prison on the possession conviction, which was made consecutive to an eighteen-month prison term on the trafficking conviction. Because the state had also presented evidence that Morris was on post-release control when the crimes had been committed, the trial court imposed an additional, consecutive three-year prison term.
Morris subsequently appealed his convictions and sentences to this court.[1] On appeal, Morris argued, in his third assignment of error, that the trial court had erred in clearing all the spectators from the courtroom during his sentencing hearing.[2] We sustained his assignment of error because the record failed to show that "the removal of some or all of the spectators was necessary to protect an overriding interest, that there were no viable alternatives to the removal, or that the order was narrow enough to protect only an overriding interest."[3] We thus concluded that his first and second assignments of error were rendered moot by our reversal on his third assignment of error.[4]
Consequently, we vacated his sentences and remanded the cases for resentencing.[5]
Following our remand, Morris moved to withdraw his no-contest pleas. The trial court denied the motion and resentenced Morris to an eighteen-month prison term on the trafficking charge, which was made consecutive to a five-year prison term on the possession charge. The trial court also ordered Morris to serve the remaining 1,449 days of his parole after the completion of his prison terms for the trafficking and possession offenses.
Pursuant to Anders v. California,[6] Morris's appointed appellate counsel has now advised this court that, after a thorough review of the record, he can find nothing that would arguably support Morris's appeal. Consequently, appellate counsel has sought to withdraw from representation and has requested that this court, consistent withAnders, independently review the record to determine if the proceedings below were free from prejudicial error.
Counsel, as required by Anders, has also given Morris an opportunity to provide grounds for this appeal. Morris argues that he would not have entered no-contest pleas if he had known that he would have received maximum, consecutive sentences for the possession and trafficking charges. Morris contends that because he was misled as to how much prison time he would receive, he should have been permitted him to withdraw his no-contest pleas. Morris also argues that his sentences were contrary to law because they were unsupported by the record and because they violated the decision of the United States Supreme Court in Blakely v.Washington.[7]
With respect to Morris's plea arguments, the record reveals not only that he entered his pleas knowingly, intelligently, and voluntarily and with full knowledge of the consequences of his pleas, but also that he failed to demonstrate that the withdrawal of his no-contest pleas was "necessary to correct manifest injustice."[8] Consequently, we cannot say that the trial court abused its discretion in denying his post-sentence motion to withdraw his no-contest pleas.
With respect to Morris's sentencing arguments, the sentencing transcript reveals that the trial court made the requisite statutory findings prior to imposing maximum, consecutive sentences on the possession and trafficking charges, and that its findings were supported by the record. Moreover, the trial court's imposition of the maximum terms did not violate Blakely because the trial court's finding that Morris posed the greatest likelihood of committing future crime, which was based on his prior criminal convictions, did not violate Blakely and thus provided an independent ground to enhance Morris's sentence irrespective of its "worst forms" finding.[9] Nor did the trial court's imposition of consecutive sentences violate Blakely.[10] Thus, after reviewing the entire record,[11] we hold that it is devoid of error and that there are no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Morris because he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon JJ.
[1] State v. Morris, 157 Ohio App.3d 395, 2004-Ohio-2870,811 N.E.2d 577.
[2] Id. at ¶ 2.
[3] Id. at ¶ 16.
[4] Morris had argued in those assignments of error that the trial court had erred as a matter of law in imposing maximum consecutive sentences on the trafficking and possession charges and in imposing a three-year term of incarceration for the parole violation. See id. at ¶ 17.
[5] Id. at ¶ 18.
[6] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[7] (2004), ___ U.S. ___, 124 S.Ct. 2531.
[8] State v. Stumpf (1987), 32 Ohio St.3d 95, 104, 512 N.E.2d 598.
[9] See State v. Lowery, 1st Dist. No. C-040157, 2005-Ohio-1181, at ¶46.
[10] See State v. Montgomery, 1st Dist. No. C-040190, 2005-Ohio-1018, at ¶¶ 16-17.
[11] See Anders, supra; Freels v. Hills (C.A.6, 1988), 843 F.2d 958.